IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHAPMAN ROGERS MAYS, #59733-177, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:22-CV-460-RAH-CSC ) [WO] |
| ALAN COHEN, | ) ) |
| Respondent. | ) |

**ORDER**

Chapman Rogers Mays, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. At the time he filed his Petition, Mays was incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama, and he sought (1) to be credited 384 days in earned time credits under the First Step Act of 2018 ("FSA") as well as any additional time credits to which he is entitled "until released from custody"; and (2) an order directing the Warden to consider his release under the CARES Act or, alternatively, transfer to pre-release custody. *Id*. Mays opined that, using the proper calculation, his projected release date should be September 24, 2023. Doc. 17 at 23. On March 1, 2023, Mays was transferred from Montgomery Federal Prison Camp to a private address (*see* Doc. 18), and the Bureau of Prisons ("BOP") inmate database demonstrates

that Mays was subsequently released from BOP custody on September 25, 2023 (*see* https://www.bop.gov/inmateloc/# (last visited on June 3, 2025)).[1]

With regard to whether a 28 U.S.C. § 2241 action has been rendered moot, the Eleventh Circuit has explained:

> Article III of the Constitution "limits the jurisdiction of federal courts to 'cases' and 'controversies,'" and the justiciability doctrine's main components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted). A cause of action becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *See id.* (quotation marks omitted).[]
>
> "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019); *see also* 28 U.S.C. § 2241(c)(3)). The Supreme Court has held that the "in custody" requirement of § 2241 is satisfied if restrictions have been placed on a petitioner's freedom of action or movement. *See Jones v. Cunningham*, 371 U.S. 236, 243[] (1963). This means that once a petitioner's custodial sentence has expired, "some concrete and continuing injury . . . some 'collateral consequence' . . . must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7[] (1998)[.]
>
> Ultimately, the burden remains on the petitioner to establish that his case still presents a live "case or controversy" by demonstrating that a collateral consequence of his imprisonment persists after his release. *See Mattern v. Sec'y for Dep't of Corrs.*, 494 F.3d 1282, 1285 (11th Cir. 2007). So where a habeas petitioner has been released from detention . . . and he has not raised a challenge to a "collateral consequence," we've held that his . . . habeas petition has become moot.

---

[1] In response to the Petition, Respondent provided that the BOP calculated Mays's earned time credits and applied them to his sentence on October 10, 2022, at which time his pre-release (home detention) eligibility date was set for December 28, 2023 and his projected release date was set for June 26, 2024. Docs. 15 at 6–8; 15-1. However, it appears that the BOP recalculated Mays's time credits after the filing of the response, moving his "pre-release (home detention)" date to March 1, 2023 and his release date to September 25, 2023.

2

*Djadju v. Vega*, 32 F.4th 1102, 1106–07 (11th Cir. 2022). Ultimately, "[t]he fundamental question is whether events have occurred that deprive [the Court] of the ability to give the [petitioner] meaningful relief." *Id.* at 1107 (citation omitted).

Here, Mays sought calculation of his earned time credits under the FSA and a subsequent reduced sentence. Docs. 1, 17. Mays argued that, under the correct calculation, his release date should be moved to September of 2023. Doc. 17 at 23. The record reflects that Mays was then transferred to pre-release custody in March of 2023 and released from custody in September of 2023. At this juncture, whether the BOP gave Mays the precise number of FSA time credits to which he believes he was entitled, there is no indication that a "collateral consequence" of Mays's imprisonment has persisted after his release. Thus, because Mays has been released from BOP custody since the filing of his Petition—within one day of his own projected release date—and he has not raised a challenge to a "collateral consequence," the undersigned finds that a favorable decision on the merits would no longer provide him any meaningful relief. *See Djadju*, 32 F.4th at 1107.

Accordingly, it is ORDERED that this 28 U.S.C. § 2241 action is DISMISSED as MOOT.

Final judgment will be entered separately.

DONE, on this the 4th day of June 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

3